# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BROOKMAN, individually, as successor in interest to Anthony Brookman, and as personal representative of the estate of Anthony Brookman; SHERRY HERNANDEZ and DIANA SOQUI,<br><br>*Plaintiffs,*<br><br>vs.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; OFFICER JOEL GUITIERREZ; OFFICER ALAN GHASSERANI; SARGENT KYLE CAMPBELL; OFFICER JOSE SALDANA; OFFICER DANIEL SCHNEIDER and DOES 1 through 100, Inclusive,<br><br>*Defendants.* | CASE NO.: CV 10-1102GHK(RCx)<br>(LASC Case No: BC 428300<br>Complaint filed December 31, 2009)<br><br>[~~PROPOSED~~]<br><br>**PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY THE COURT.** |

Having reviewed the stipulated protective order submitted by the parties, this Court hereby orders the following:

1. The parties may designate as confidential the following:

   [A] LAPD Force Investigation Division's Report;

   [B] All compelled statements, whether written or recorded, of the Defendant Officers and other involved police officers;

all of which Defendants believe might contain information of a privileged, confidential,

1

private or sensitive nature, by affixing to such document or writing a legend, such as "Confidential." "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. This category of documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation.

2.   Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3.   Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a)   Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

(b)   The Court and its personnel; and

(c)   Such other parties as may be agreed by written stipulation among the parties hereto.

4.   Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a) or 3(c), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation and advise that he/she is bound by the provisions of the protective order. The Court and its personnel are excluded from this requirement.

5.   Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the Defendants, except as to Court personnel. All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.

6.   If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an

1  opportunity to obtain an order barring production or other disclosure, or to otherwise
2  respond to the subpoena or other request for production or disclosure of Confidential
3  Material. Other than objecting on the grounds of this stipulation, no party shall be obligated
4  to seek an order barring production of Confidential Information, which obligation shall be
5  borne by the Defendants. However, in no event should production or disclosure be made
6  without written notice to Defendants' counsel unless required by court order after serving
7  written notice to defendants' counsel.

8       7.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or
9  other written submissions to the Court in this litigation which contain, reflect, incorporate
10 or refer to Confidential Information shall be filed in accordance with Local Rule 79-5 and
11 maintained under seal, after written application to the Court made. ~~and~~ If the Court approves
12 the application to file the documents under seal, the original and judge's copy of the
13 document shall be sealed in separate envelopes with a title page affixed to the outside of
14 each envelope. No sealed ~~or confidential~~ record [recent] ~~of the Court~~ maintained by the Clerk shall
15 be disclosed except upon written order of the Court.

16      8.    Counsel for the parties hereto agree to request that any motions,
17 applications or other pre-trial proceedings which could entail the discussion or disclosure
18 of Confidential Information be heard by the Court outside the presence of the jury, unless
19 ~~having heard from counsel,~~ the Court orders otherwise. Counsel for the parties further agree
20 to request that, during any portion of the trial of this action which could entail the discussion
21 or disclosure of Confidential Information, access to the courtroom be limited to parties, their
22 counsel and other designated representative, experts or consultants who agree to be bound
23 by this stipulation, and court personnel, unless ~~having heard from counsel,~~ the Court orders
24 otherwise.

25      9.    Nothing herein shall prejudice any party's rights to object to the
26 ///
27 ///
28 ///

3

1  introduction of any Confidential Information into evidence, on grounds including but not
2  limited to relevance and privilege.
3         10.    This Protective Order survives settlement, trial and/or appeal; *however, the Court does not maintain jurisdiction to enforce it.*
4  **IT IS SO ORDERED;** *As amended at paras. 7, 8 + 10*
7  DATED:   9/20/10                              /s/ _____
                                                 HONORABLE ROSALYN M. CHAPMAN
                                                 UNITED STATES MAGISTRATE JUDGE

4